**IN THE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **LEGATO VAPORS, LLC, a Kentucky Limited Liability Company, JET SETTER JUICE, LLC, a Florida Limited Liability Company, and ROCKY MOUNTAIN ECIGS LLC, a Delaware Limited Liability Company, and DERB E CIGS INDIANA LLC, an Indiana Liability Company,** | ) ) ) ) ) ) ) ) ) |
| **Petitioners,** | ) ) |
| **v.** | ) CASE NO.  1:15-cv-00761-SEB-TAB ) |
| **DAVID COOK, in his official capacity as Chairman of the Indiana Alcohol and Tobacco Commission, DAVID COLEMAN, in his official capacity as Vice-Chairman of the Indiana Alcohol and Tobacco Commission, DALE GRUBB, in his official capacity as Commissioner of the Indiana Alcohol and Tobacco Commission, MARJORIE MAGINN, in her official capacity as Commissioner of the Indiana Alcohol and Tobacco Commission, and MATT STRITTMATTER, in his official capacity as the Superintendent of the Indiana Excise Police and STATE OF INDIANA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Respondents.** | ) ) |
| **and** | ) ) |
| **RIGHT TO BE SMOKE-FREE COALITION, INC.** | ) ) ) |
| **Intervenor-Petitioners.** | ) ) |

**RESPONDENTS ANSWER TO RIGHT TO BE SMOKE-FREE, INC.'S**
**PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Respondents, David Cook, David Coleman, Dale Grubb, Marjorie Maginn, Matt Strittmatter and State of Indiana (collectively "Respondents") respond to Intervenor-Petitioners' Petition for Declaratory Judgment and Injunctive Relief (the "Petition") as follows:

## ANSWERS

### Preliminary Statement

1. Paragraph 1 does nothing more than summarize the claims set forth in Petition. As such, no facts are alleged and no response is required. To the extent that any facts are alleged, Respondents deny them and further deny that Petitioners are entitled to any relief whatsoever.

2. Paragraph 2 does nothing more than summarize the claims set forth in the Petition. As such, no facts are alleged and no response is required. To the extent that any facts are alleged, Respondents deny them and further deny that Petitioners are entitled to any relief whatsoever.

3. Paragraph 3 does nothing more than summarize the claims set forth in the Petition. As such, no facts are alleged and no response is required. To the extent that any facts are alleged, Respondents deny them and further deny that Petitioners are entitled to any relief whatsoever.

4. Paragraph 4 does nothing more than summarize the claims set forth in the Petition. As such, no facts are alleged and no response is required. To the extent that any facts are alleged, Respondents deny them and further deny that Petitioners are entitled to any relief whatsoever.

## Parties

5.  After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 5 and therefore deny them.

6.  Respondents admit the material allegations in Paragraph 6.

7.  Paragraph 7 sets forth conclusions of law to which no response is required. To the extent that any facts are alleged, Respondents deny them.

8.  Respondents deny the allegations in paragraph 8.

## Jurisdiction & Venue

9.  Paragraph 9 sets forth conclusions of law to which no response is required. To the extent that any facts are alleged, Respondents deny them.

10. Paragraph 10 sets forth conclusions of law to which no response is required. To the extent that any facts are alleged, Respondents deny them.

11. Paragraph 11 sets forth conclusions of law to which no response is required. To the extent that any facts are alleged, Respondents deny them.

12. Paragraph 12 sets forth conclusions of law to which no response is required. To the extent that any facts are alleged, Respondents deny them.

## Factual Background

13. Upon information and belief, Respondents admit the material allegations in Paragraph 13.

14. Upon information and belief, Respondents admit the material allegations in Paragraph 14.

15. HEA 1432 speaks for itself and therefore no factual response is required. To the extent that Paragraph 15 makes any material allegations that are inconsistent with the Act, those are denied. Respondents deny the remaining allegations in this Paragraph.

16. Respondents deny the factual allegations in Paragraph 16, in that the scientific and medical community has not reached a concensus on the risks or hazards of using e-vapor devices and e-liquids, or that such devices are significantly less harmful than traditional cigarettes, as suggested by Petitioners. Respondents, upon information and belief, admit the remaining allegations in Paragraph 16.

17. HEA 1432  and the Tobacco Control Act speak for themselves and therefore no factual response is required. To the extent that Paragraph 17 makes any material allegations that are inconsistent with these laws, those are denied.

18. The Tobacco Control Act (the "Act") speaks for itself and therefore no factual response is required. To the extent that Paragraph 18 makes any material allegations that are inconsistent with this Act, those are denied.

19. The FDA's proposed "Deeming Regulation" speaks for itself and therefore no factual response is required. To the extent that Paragraph 19 makes any material allegations that are inconsistent with these "Deeming Regulation", those are denied.

20. The Act, HEA 1432, and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 20 makes any material allegations that are inconsistent with these laws, those are denied.

21.  The Act, HEA 1432, and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 21 makes any material allegations that are inconsistent with these laws, those are denied.

22. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.   To the extent that Paragraph 22 makes any material allegations that are inconsistent with these laws, those are denied.

23. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 23 makes any material allegations that are inconsistent with HEA 1432, those are denied.

24. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.   To the extent that Paragraph 24 makes any material allegations that are inconsistent with these laws, those are denied.

25. The statutes cited by Petitioner in Paragraph 25 speak for themseles and therefore no factual response is required.   To the extent that Paragraph 25 makes any material allegations that are inconsistent with these laws, those are denied.

26. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 26 makes any material allegations that are inconsistent with HEA 1432, those are denied.

27. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 27 makes any material allegations that are inconsistent with HEA 1432, those are denied. Respondents admit the remainder of the allegations in this Paragraph.

28. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 28 makes any material allegations that are inconsistent with HEA 1432, those are denied.

29. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 29 makes any material allegations that are inconsistent with HEA 1432, those are denied.

30. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 30 makes any material allegations that are inconsistent with HEA 1432, those are denied.

31. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 31 makes any material allegations that are inconsistent with these laws, those are denied.

32. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 32 makes any material allegations that are inconsistent with HEA 1432, those are denied.

33. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 33 makes any material allegations that are inconsistent with HEA 1432, those are denied.

34. The statute cited in this Paragraph, 410-IAC-7-24-27(a), speaks for itself and therefore no factual response is required.  To the extent that Paragraph 34 makes any material allegations that are inconsistent with this statute, those are denied.

35. The statutes cited in Paragraph 35 speak for themsleves and therefore no factual response is required.  To the extent that Paragraph 35 makes any material allegations that are inconsistent with this statute, those are denied.

36. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 36 makes any material allegations that are inconsistent with these laws, those are denied.

37. The statute cited in this Paragraph, 7.1-7-2-14, -22, -4-1(d), speaks for itself and therefore no factual response is required.  To the extent that Paragraph 37 makes any material allegations that are inconsistent with this statute, those are denied.

38. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 38 makes any material allegations that are inconsistent with these laws, those are denied.

39. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 39 and therefore deny them.

40. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 40 makes any material allegations that are inconsistent with these laws, those are denied.

41. The statute cited in this Paragraph, 7.1-7-2-14, -22,-4-1(d), speaks for itself and therefore no factual response is required.  To the extent that Paragraph 41 makes any material allegations that are inconsistent with this statute, those are denied.

42. HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 42 makes any material allegations that are inconsistent with HEA 1432, those are denied.

43. The statute cited in this Paragraph speak for themselves and therefore no factual response is required.  To the extent that Paragraph 43 makes any material allegations that are inconsistent with these laws, those are denied.

44. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 44 and therefore deny them.

<u>**COUNT ONE**</u>
**Violation of Commerce Clause (Extraterritoriality) Commercial Kitchen, Security, and Audit Requirement**

45. Respondent reasserts and reincorporates by reference each admission or denial contained in the above paragraphs.

46. Paragraph 46 contains conclusions of law requiring no answer.

47.  HEA 1432 speaks for itself and therefore no factual response is required.  To the extent that Paragraph 47 makes any material allegations that are inconsistent with these laws, those are denied.

48. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 48 makes any material allegations that are inconsistent with these laws, those are denied.

49. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 49 and therefore deny them.

50. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 50 and therefore deny them.

51. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required.  To the extent that Paragraph 51 makes any material allegations that are inconsistent with these laws, those are denied. Respondents are without knowledge or

information sufficient to either admit or deny the allegations contained in Paragraph 51 and therefore deny them.

52. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 52 and therefore deny them.

53. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 53 and therefore deny them.

54. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 54 and therefore deny them.

55. Respondent deny HEA 1432 and SEA 463 violate the Commerce Clause and the prohibition on extraterritorial regulation.

## COUNT TWO
### Violation of Due Process Clause
### Independent Secuirty Firm Requirements

56. Respondents reassert and reincorporates by reference each admission or denial contained in the above paragraphs.

57. The Due Process Clause of the Fifth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment, speaks for itself. Paragraph 57 requires no answer.

58. The certification and security requirements, as set forth in HEA 1432 and SEA 463, speak for themselves. To the extent any factual allegations are made in Paragraph 58, those are denied.

59. Respondents deny the factual allegations contained in Paragraph 59.

60.  Respondents deny the factual allegations contained in Paragraph 60.

61. Respondents deny the factual allegations contained in Paragraph 61 and deny retailers suffer any constitutional injury.

62. Respondents deny the security firm requirements violate the Due Process Clause.

### COUNT THREE
**Violation of Commerce Caluse (*Pike* Balancing)**
**Commercial Kitchen and Security requirements**

63. Respondents reassert and reincorporates by reference each admission or denial contained in the above paragraphs.

64. Article I, Section 8 of the United States Constitution, speaks for itself. Paragraph 64 requires no answer.

65. Respondents deny that HEA 1432, as amended by SEA 463, significantly burdens interstate commerce. Respondents deny the factual allegations contained in paragraph 65.

66.  Respondents deny the factual allegations contained in Paragraph 66.

67. Respondents deny the factual allegations contained in Paragraph 67.

68. Respondents deny the factual allegations contained in Paragraph 68.

69. Respondents deny the factual allegations contained in Paragraph 69.

70. Respondents deny that the kitchen and security provisions are unconsitituional.

### COUNT FOUR
**Violation of Equal Protection Clause**
**Open vs. Closed Systems**

71. Respondents reassert and reincorporates by reference each admission or denial contained in the above paragraphs.

72. The Equal Protection Clause of the Fourteenth Amendment, speaks for itself. Paragraph 72 requires no answer.

73. The Indiana statutes in question speak for themselves. To the extent any factual allegations are made in Paragraph 73, those are denied.

74. HEA 1432 speaks for itself. To the extent that Paragraph 74 makes any material allegations that are inconsistent with this law, those are denied.

75. Respondents deny the factual allegations contained in Paragraph 75.

76. HEA 1432 and SEA 463 each speak for themselves and therefore no factual response is required. To the extent that Paragraph 76 makes any material allegations that are inconsistent with these laws, those are denied.

77. Respondents deny the statute violates the Equal Protection Clause.

**COUNT FIVE**
**Violation of Indiana Constitution**
**Open vs. Closed Systems**

78. Respondents reassert and reincorporates by reference each admission or denial contained in the above paragraphs.

79. The Indiana Constitution, Article I, Section 23 speaks for itself. Paragraph 79 requires no answer.

80. Paragraph 80 is a legal conclusion requiring no answer by these Respondents.

81. Paragraph 81 is a legal conclusion requiring no answer by these Respondents.

82. Respondents deny the factual allegations contained in Paragraph 82.

83. Respondents admit the factual allegations contained in Paragraph 83.

84. Respondents deny the statute violates the Indiana Constitution.

## COUNT SIX

### Violation of Due Process/Equal Protection and Indiana Constitution
### Definition of "Tobacco Product" and Distributor/Retailer Licenses and Certificates

85. Respondents reassert and reincorporates by reference each admission or denial contained in the above paragraphs.

86. HEA 1432 speaks for itself. To the extent that Paragraph 86 makes any material allegations that are inconsistent with this law, those are denied.

87. After reasonable investigation, Respondents are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 87 and therefore deny them.

88. Respondents deny the factual allegations contained in Paragraph 88.

89. Respondents deny these laws violate the Equal Protection Clause and the Indiana Constitution.

90. Respondents deny that Indiana's regulations are unconstitutional.

## GENERAL DENIAL

Any allegations in the Petition which are not specifically admitted or denied are denied. Respondents reserve the right to amend their answers.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Without waiving any of the defenses set forth above, or any other defenses available at law or equity, Respondents assert the following defenses to the allegations in the Petition:

1. Petitioner fails to state a claim upon which relief can be granted.

2. Petitioner's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action, inaction, or omission of

Defendants and Defendants, at all times, acted in compliance and consistent with the Constitution and laws of the State of Indiana.

3. Petitioner's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action, inaction, or omission of Respondents and Respondents, at all times, acted in compliance and consistent with the Constitution and laws of the United States.

4. The statutes, rules, and policies challenged are constitutional.

5. Respondents reserve the right to amend their answer and defenses as more information is obtained.

WHEREFORE, Respondents respectfully request that Intervenor-Petitioners take nothing by way from their Petition; that judgment be entered herein in favor of Respondents and against Intervenor-Petitioners; and that the Court grant Respondents all other just and proper relief.

Respectfully Submitted,

GREGORY F. ZOELLER
Attorney General of Indiana


By:      _s/ Jonathan P. Nagy_
Jonathan P. Nagy
Deputy Attorney General
Atty. No.  20975-49

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

J. Gregory Troutman
 jgtatty@yahoo.com

Azim Chowdhury
chowdhury@khlaw.com

Eric P. Gotting
gotting@khlaw.com

Manesh K. Rath
rath@khlaw.com

Robert David Epstein
rdepstein@aol.com

*s/ Jonathan P. Nagy*
Jonathan P. Nagy
Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN   46204
Phone:  (317) 232-4848
FAX:     (317) 232-7979
Email:   Jonathan.Nagy@atg.in.gov